UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                            :

KIMBERLY MILLER, *on behalf of herself and all other* :
*persons similarly situated*,                                        :

                                         Plaintiff,           :                 22 Civ. 6880 (JPC)

                  -v-                                     :                 <u>ORDER</u>

AFA NYC, LLC,                                            :

                                   Defendant.         :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Plaintiff Kimberly Miller filed the Complaint in this action on August 12, 2022. Dkt. 1. Defendant AFA NYC, LLC was served with the Complaint on August 30, 2022, making its answer due by September 20, 2022. Dkt. 6. To date, Defendant has neither appeared in this action nor answered the Complaint.

       It is hereby ORDERED that no later than October 31, 2022, Plaintiff shall move for default judgment as to Defendant, in accordance with Local Civil Rule 55.2 and 3.D of the Court's Individual Rules and Practices for Civil Cases, or show cause why this case should not be dismissed for failure to prosecute. Pursuant to this Court's Individual Rules, Plaintiff must serve her motion for default judgment and supporting paperwork on Defendant by October 31, 2022, and must file an Affidavit of Service on ECF by November 2, 2022. Defendant shall file any opposition to the motion for default judgment no later than November 16, 2022. Plaintiff shall file any reply no later than November 23, 2022.

       It is further ORDERED that Defendant appear and show cause at a hearing before this Court on December 14, 2022, at 3:00 p.m., why an order should not be issued granting a default judgment against Defendant. That hearing shall take place telephonically. At the scheduled time, counsel

for all parties should call (866) 434-5269, access code 9176261.  In the event that Defendant does not appear, Plaintiff's counsel should be prepared to discuss any communications with Defendant or representatives for Defendant regarding their litigation and any intent to challenge the suit, including discussions about the alleged illegal conduct prior to the filing of the lawsuit; how Defendant was served with the Summons and Complaint and this Order; why Plaintiffs' counsel is confident that Defendant has been served with those documents and has received notice of the hearing; and the method for calculating damages.

The Court notes that "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment.  Rather, the court may . . . enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."  *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.3d 61, 65 (2d Cir. 1981) ("[A] district court . . . under Rule 55(b)(2) . . . need not agree that the alleged facts constitute a valid cause of action.").  Accordingly, counsel should also be prepared to discuss whether the Complaint alleges a valid cause of action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.  *See, e.g.*, *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173, 174 (E.D.N.Y. 2021) ("[T]he ADA excludes, by its plain language, the websites of businesses with no public-facing, physical retail operations from the definition of 'public accommodations.'"); *Martinez v. MyLife.com, Inc.*, No. 21 Civ. 4779 (BMC), 2021 WL 5052745, at *2-3 (E.D.N.Y. Nov. 1, 2021) (same); *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1277 (11th Cir. 2021) ("[W]ebsites are not a place of public accommodation under Title III of the ADA."), *opinion vacated on mootness grounds on panel reh'g*, 2021 WL 6129128 (11th Cir. Dec. 28, 2021).

In the event that Defendant appears in this case and opposes the motion for default judgment prior to the scheduled court appearance on December 14, 2022, that court appearance shall also serve as an Initial Case Management Conference pursuant to 5.B of the Court's Individual Rules and Practices in Civil Cases.

It is further ORDERED that Plaintiff serve Defendant via overnight courier with a copy of this Order within one week of the date of this Order.  Within two business days of service, Plaintiff must file proof of such service on the docket.

SO ORDERED.

Dated: October 12, 2022
      New York, New York

                                     JOHN P. CRONAN
                                    United States District Judge